**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION AT COLUMBUS**

| | | |
|---|---|---|
| **Amare Sedek,** | : | **Case No. 2:26-cv-782** |
| **A/K/A Steven A. Huggins,** | : | |
| | : | |
| **Plaintiff,** | : | **Judge Edmund A. Sargus, Jr.** |
| | : | **Magistrate Judge Caroline H. Gentry** |
| **vs.** | : | |
| | : | |
| **Ms. Baker-Webb,** *et al.*, | : | |
| | : | |
| **Defendants.** | : | |

**DEFICIENCY ORDER**

Plaintiff, a prisoner at the Marion Correctional Institution ("MCI") has filed a *pro se* civil rights Complaint in this Court. (ECF No. 1-1). He alleges that Defendants at MCI and the Ohio Department of Rehabilitation and Correction ("ODRC") are denying him dietary requests and other items that he needs to practice his Rastafarianism religion. (*Id*. at 2-4).

As a prisoner, Plaintiff is subject to the requirements of the Prison Litigation Reform Act of 1995 ("PLRA"). 28 U.S.C. § 1915(a)-(h). The PLRA establishes a specific procedure for prisoners seeking to bring a civil action in federal court without prepaying a filing fee—in other words, when seeking to proceed *in forma pauperis* ("IFP"). A prisoner must submit an application and affidavit to proceed without prepayment of fees and a certified copy of his or her trust fund account statement (or institutional equivalent) for the six-month period immediately prior to the filing of the complaint. 28 U.S.C. § 1915(a)(2). Here, Plaintiff only partially complied with these requirements.

Plaintiff filed a certified copy of his trust fund account statement for the six-month period immediately prior to the filing of his Complaint that meets the PLRA requirements. But he failed

to sign the application and affidavit. To proceed further in this case, Plaintiff is **ORDERED** to submit to the Court an application and affidavit to proceed *in forma pauperis*, _complete_ with a signed page 7 Declaration Under Penalty of Perjury **within thirty days** of the date of this Deficiency Order. Plaintiff need not resubmit a certified copy of his trust fund account statement for the six-month period immediately prior to the filing of his Complaint. Plaintiff is advised that failure to comply with this Deficiency Order may result in this case being dismissed for want of prosecution. *In re Prison Litigation Reform Act*, 105 F.3d 1131 (6th Cir. 1997). If Plaintiff's case is dismissed on this basis, it will not be reinstated to the Court's active docket even if the signed application and affidavit is later submitted. If Plaintiff requires additional time to comply with this Deficiency Order, Plaintiff should file a motion for extension of time.

The Clerk is **DIRECTED** to send to Plaintiff, along with a copy of this Order, a blank application and affidavit to proceed *in forma pauperis* form.

**IT IS SO ORDERED.**

July 13, 2026

*s/ Caroline H. Gentry*
CAROLINE H. GENTRY
United States Magistrate Judge

2